UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BOBAK,

    Plaintiff,

v.                                                          Case No. 14-14494

BLUE CROSS BLUE SHIELD OF MICHIGAN,

    Defendant.
                                                                                   /

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS AND DISMISSING THE CASE AS MOOT**

Plaintiff James Bobak initiated the instant action in state court against Defendant Blue Cross Blue Shield of Michigan, his employer, alleging fraud in the inducement and breach of contract. (Dkt. # 1-1, Pg. ID 7-9.) Plaintiff argues that Defendant improperly failed to apply five years of service to his retirement vesting date, which Defendant allegedly promised to entice Plaintiff into becoming its employee. (*Id.*) Defendant removed the case to this court on the ground that Plaintiff's claims relate to an Employee Benefit Plan and are, therefore, removable to federal court pursuant to 29 U.S.C. § 1132(e), 28 U.S.C. § 1131, and 28 U.S.C. § 1441(a) and (b).

Now before the court is Defendant's Motion to Dismiss the Complaint or in the Alternative for Summary Judgment (Dkt. # 3), contending that the court should dismiss this case as moot. (*Id.* at 12.) Plaintiff responds, arguing that the court lacks subject matter jurisdiction and requests that the court remand the matter to the Wayne County Circuit Court. (Dkt. # 5, Pg. ID 90.) This matter is fully briefed, and no hearing is needed. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will grant

Defendant's motion dismiss the case as moot.

## I. BACKGROUND

According to the complaint, Plaintiff was working for Medical Mutual of Ohio in July 2002. (Dkt. # 1-1, Pg. ID 8.) Defendant allegedly sought to induce Plaintiff to join its company by promising to credit his five years of service at Medical Mutual towards his retirement vesting date as an employee of Defendant. (*Id.*) Plaintiff alleges that he would not have joined Defendant if not for this assurance and requests—and was provided—the promise in writing. (*Id.*) Plaintiff further states, however, that at the time, Defendant knew that it would not apply the five years of service to the Plaintiff's vesting date. (*Id.*)

Plaintiff has been working for Defendant for approximately twelve years. (Dkt. # 3, Pg. ID 18; Dkt. # 5-2, Pg. ID 101.) Upon seeking to retire from his employment with Defendant, Plaintiff discovered that he "was five years short in his credited years of service" and subsequently filed the instant complaint seeking to recover either credit for the five years or, in the alternative, damages for five years of lost retirement benefits. (Dkt. # 1-1, Pg. ID 8.)

Defendant, however, argues that the five years of credit were promised only toward the Plaintiff's eligibility service date, which is the date used "to determine [a participant's] eligibility for benefits." (Dkt. # 3, Pg. ID 20-21) Defendant notes that Plaintiff's eligibility service date differs from the date from which his benefits begin to grow, which is the date that he was hired. (Dkt. # 6, Pg. ID 125 n. 4; Dkt. # 3-1, Pg. ID 31.) Defendant argues that granting Plaintiff five extra years of eligibility would have no effect on Plaintiff's benefits because the eligibility date is unrelated to the amount of

benefits he would receive and because his benefits have already vested, making any increase in his eligibility service date moot. (Dkt. # 3, Pg. ID 20). Plaintiff does not contest Defendant's description of the plan or Defendant's and Plaintiff's agreement in this regard.

## II. JURISDICTION

Plaintiff argues that this case was improperly removed to this court on the ground that the court does not have subject matter jurisdiction over his claims. A "motion to dismiss for failure to state a cause of action may be decided only after establishing subject matter jurisdiction, since determination of the validity of the claim is, in itself, an exercise of jurisdiction." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)). The court finds that this case was properly removed to federal court as the purported state law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Nonetheless, the court lacks jurisdiction because Plaintiff's claims are moot. The court will therefore dismiss the case for lack of jurisdiction.

### A. ERISA Preemption

Pursuant to 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." On its face, the complaint asserts state law claims of fraud in the inducement and breach of contract. However, the complaint seeks to enforce an alleged right to five years of credit under Plaintiff's retirement plan with Defendant. ERISA provides that it "supersede[s] any and all State laws insofar as they may now or hereafter relate to any

employee benefit plan described in section 1003(a) of this title . . . ." 29 U.S.C. § 1144(a). According to 29 U.S.C. § 1003(a)(1), ERISA applies to any employee benefit plan that "is established or maintained by any employer engaged in commerce or in any industry or activity affecting commerce." It is undisputed that ERISA applies to the benefits plan between Plaintiff and Defendant. (Dkt. # 5, Pg. ID 97.)

The court has exclusive federal question jurisdiction over purported state law claims that are completely preempted by ERISA—that is, claims that fall within ERISA's preemption provision, 29 U.S.C. § 1144, and which seek benefits the arise under ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B). *See Wright v. General Motors Corp.*, 262 F.3d 610, 614 (6th Cir. 2001). The Supreme Court has observed that ERISA's preemption provision is "clearly expansive," and that "a state law relates to an ERISA plan if it has a connection with or reference to such a plan." *Egelhoff v. Egelhoff*, 532 U.S. 141, 146-47 (2001) (internal quotation marks and citations omitted). The Sixth Circuit has further explained that "[i]t is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Lion's Volunteer Blind Indus., Inc. v. Automated Grp. Admin., Inc.*, 195 F.3d 803, 808 (6th Cir. 1999) (quoting *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991)). Furthermore, "the pre-emption clause is not limited to 'state laws specifically designed to affect employee benefit plans.'" *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987) (quoting *Shaw v. Delta Air Lines*, 463 U.S. 85, 98 (1983)).

Plaintiff argues that his claims do not relate to the ERISA plan and that ERISA therefore does not preempt his claim. (Dkt. # 5, Pg. ID 96.) Specifically, Plaintiff argues

that ERISA does not preempt his claims because his claims concern the negligent representations that his employer made to him rather than the terms of the plan or its administration. (*Id.*) That is, Plaintiff argues that he has sued the Defendant not to recover denied benefits or for improperly administering the plan, but rather, "for giving false information inducing plaintiff to join defendant company." (*Id.* at 97.) However, ERISA provides that "[a] civil action may be brought . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1332(a)(1)(B). Moreover, the Supreme Court has found that claims of fraud in the inducement and breach of contract which relate to Plaintiff receiving benefits under an employee benefit plan "undoubtedly meet the criteria for pre-emption." *See Pilot Life*, 481 U.S. at 48.

Plaintiff's complaint alleges that Defendant induced Plaintiff into an employment contract by misrepresenting aspects of an employee benefits plan and subsequently breaching an alleged agreement to provide Plaintiff with an additional five years of service under the employee benefits plan. (Dkt. # 1-1, Pg. ID 6-9.) These allegations fall within § 1332(a)(1)(B). *See Easa v. Florists' Transworld Delivery Ass'n*, 963 F. Supp. 624, 625 (E.D. Mich. 1997) (holding that a plaintiff's claims of breach of contract, misrepresentation, and promissory estoppel were preempted by ERISA where the claims were "for benefits to which he believes he is entitled under [an employees' pension plan]," and where the claims are "based on [] incorrect information he was given, and upon which he relied, relat[ed] to benefits that it was 'estimated' he would receive under the [p]lan."). Thus, Plaintiff's claims of fraud in the inducement and breach of contract are preempted by ERISA, and the case was properly removed

5

pursuant to 28 U.S.C. § 1441.

### B. Mootness

While Plaintiff's claims were properly removed, the court does not have jurisdiction because the claims are non-justiciable based on a straightforward application of the mootness doctrine. "Article III [of the United States Constitution] conditions the exercise of federal judicial power on the existence of a live, ongoing case or controversy." *Pettrey v. Enter. Title Agency, Inc.*, 584 F.3d 701, 703 (6th Cir. 2009) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). When a federal case loses its character as a live, ongoing case or controversy, the court must declare the claim moot and no longer within the courts' jurisdiction. *Id.* "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *UAW v. Dana Corp.*, 697 F.2d 718, 720-21 (6th Cir. 1983)). In other words, a case is moot when "there is nothing left for the plaintiffs to win." *Id.*

Here, Plaintiff states that Defendant promised him "that his years of service at Medical Mutual of Ohio would be applied to his retirement vesting date at Blue Cross/Blue Shield of Michigan." (Dkt. # 1-1, Pg. ID 8.) The complaint requests that Plaintiff's five years of prior service with Medical Mutual of Ohio be credited to his years of service under the retirement plan, or, in the alternative, that he be paid for five years of credited service. (*Id.* at 8-9.)

It is undisputed that Plaintiff's benefits plan vested in June 2005. (Dkt. # 3, Pg. ID 18; Dkt. # 5, Pg. ID 95.) Defendant contends that plaintiff's eligibility serve date plays

6

no part in calculating the amount of Plaintiff's benefits under the employee retirement benefits plan, but rather is used "solely" to determine when Plaintiff became eligible to receive those benefits. (Dkt. # 3, Pg. ID 21.) Plaintiff acknowledges that "Defendant agues that there is no economic loss in the case at bar and since there is no economic loss this case should be dismissed." (Dkt. # 5, Pg. ID 95.) However, Plaintiff does not contest Defendant's characterization of the eligibility services date or the impact (or lack thereof) of the agreement to credit five years of employment on the actual benefits received. Instead, Plaintiff responds that "[d]amages in fraud in the inducement cases are tort damages, not contract damages." (*Id.*) Plaintiff does not, however, seek any tort damages in his complaint. The complaint seeks only that Plaintiff be credited five years of service or, in the alternative, to be paid for five years of credited service. (Dkt. # 1-1, Pg. ID 8.)

Because it is uncontested that Plaintiff's plan has vested and because Plaintiff does not contest that the remedy sought would not affect any other aspect of his retirement benefits, the court finds that "there is nothing left for [plaintiff] to win." *Pettrey*, 584 F.3d at 703. Accordingly, the case will be dismissed as moot.

### III. CONCLUSION

IT IS ORDERED that Defendant Blue Cross Blue Shield of Michigan's Motion to Dismiss the Complaint or in the Alternative for Summary Judgment (Dkt. # 3) is GRANTED.

IT IS FURTHER ORDERED that the case is DISMISSED as moot.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  June 30, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 30, 2015, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522